UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

_____
                                                 )
In re:                                            )
                                                 )
SPRINGFIELD HOSPITAL, INC.[1]         )        Chapter 11
                                               )        Case No. 19-_____
              Debtor.                   )
_____)

**ORDER GRANTING EMERGENCY MOTION TO RETAIN QUORUM HEALTH RESOURCES, LLC TO PROVIDE CONTRACTED MANAGEMENT AND CONSULTING SUPPORT SERVICES TO THE DEBTOR**

Upon consideration of the *Motion to Retain Quorum Health Resources, LLC to Provide Management and Bankruptcy Support Services to the Debtor* (the "Motion")[2] filed by Springfield, after adequate notice and a hearing thereon, the Court having determined that the retention of QHR pursuant to § 363(b) of the Bankruptcy Code and the Protocol reflects the reasonable business judgment of Springfield, it is ORDERED as follows:

1. Service as set forth in the Motion was adequate under the circumstances of this matter;

2. The Motion is GRANTED on the terms set forth in this Order;

3. Springfield is authorized to retain QHR to provide the contracted management and consulting services set forth in the QHR Agreement.

4. The retention of QHR is subject to the terms of the Protocol. Pursuant to the Protocol:

    (A)    QHR shall file with the Court with copies to the United States Trustee, the Secured Parties, and the following additional parties (as directed by the Court) (collectively, "Notice Parties"): _____
_____

---

[1]     The last four digits of the taxpayer identification number of Springfield Hospital, Inc., are 9437. 11 U.S.C. § 342(c)(1).

[2]     Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

_____,
a report on staffing on the engagement for the previous month (the "Staffing Reports").  Such Staffing Reports shall include the names and functions filled for the individuals assigned to Springfield's engagement of QHR for the prior month.  Each of the Staffing Reports shall be filed on the docket and indicate the deadline to file objections and serve the same on counsel for Springfield.  The deadline to file objections shall be no shorter than twenty-one (21) calendar days from the date a Staffing Report is filed on the docket and served on Notice Parties.  All Staffing Reports shall be subject to review by the Court in the event that an objection is timely filed.  All Staffing Reports shall be deemed approved on the day after any objection deadline if no objection is filed.

(B)    QHR shall file with the Court with copies to the Notice Parties, reports of compensation earned and expenses incurred on at least a quarterly basis (the "Compensation Reports").  Such reports shall summarize the services provided, identify the compensation earned, and itemize the expenses incurred in a manner consistent with the detailed information required for applications for approval of fees for professionals.  Each of the Compensation Report shall be filed on the docket and indicate the deadline to file objections and serve the same on counsel for Springfield.  The deadline to file objections shall be no shorter than twenty-one (21) calendar days from the date a Compensation Report is filed on the docket and served on Notice Parties.  All compensation shall be subject to review by the Court in the event that an objection is timely filed.  All Compensation Reports shall be deemed approved on the day after any objection deadline if no objection is filed.

(C)    Notwithstanding the requirements of paragraphs (A) and (B) above, Springfield is authorized, but not directed, to pay, in the ordinary course of business, all amounts invoiced by QHR for fees and expenses incurred in connection with QHR's retention.

(D)    All fees or expenses shall be paid on an *interim* basis and are subject to the filing of a *final* Compensation Reports at the end of the engagement, prior to plan confirmation, or as otherwise ordered by the Court.

(E)    In the event that Springfield or QHR seeks to have QHR assume additional roles than as authorized in paragraph 3 of this Order, or to modify materially the functions to be performed or provided by QHR, a motion to modify the retention shall be filed.  Absent such a modification approved by the Court, QHR shall not act in any capacity except as set forth in paragraph 3 of this Order.

(F)    Based on the Holmes Declaration and the allegations in the Motion, the Court finds that QHR has made appropriate disclosures of any and all facts that may have a bearing on whether QHR or the individuals working on this engagement for Springfield have any conflict of interest or material adverse interest to Springfield, as described in paragraph I(E) of the Protocol.  QHR shall have a continuing obligation to make disclosures under paragraph I(E) of the Protocol.

(G) During the Case, QHR shall not accept any other engagement for Springfield or any affiliate (excepting SMCS) in another capacity other than as authorized by this Order. No principal, employee or independent contractor of QHR shall serve as a director of Springfield during the pendency of this Case.

(H) Success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee, or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee.

(I) For a period of three (3) years after the conclusion of the retention authorized by this Order, QHR shall not make any investments in Springfield or any reorganized debtor for which QHR has been engaged under this Order.

5. To the extent there is any inconsistency between the terms of the QHR Agreement, the Motion, or this Order, the terms of this Order shall govern and control.

6. The Court shall retain jurisdiction with respect to all matters arising from or related to implementation or interpretation of this Order.

7. Notwithstanding anything to the contrary in the Bankruptcy Code or Bankruptcy Rules, this Order shall be effective when entered on the docket.

Date: _____

Hon. Colleen A. Brown
United States Bankruptcy Judge
District of Vermont