UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

*In re:*

    SPRINGFIELD HOSPITAL, INC.

    *Debtor.*

Chapter 11
Case No. 19-10283-cab

**United States Trustee's Objection to Debtor's Emergency Motion (A) Authorizing Continued Use Of Existing Business Books, Records, and Bank Accounts; (B) Authorizing Banks and Financial Institutions To Honor and Process Checks and Transfers; and (C) For Related Relief, Including Permission To Conduct Electronic Funds Transfers and Automatic Clearinghouse Transfers**

TO:    HON. COLLEEN A. BROWN,
        CHIEF UNITED STATES BANKRUPTCY JUDGE

William K. Harrington, the United States Trustee for Region 2 ("United States Trustee"), by and through counsel, hereby objects to the above-captioned motion and respectfully represents and alleges as follows:

1.    The Debtor filed its voluntary chapter 11 petition on June 26, 2019 and shortly thereafter filed the above-captioned motion. (ECF 1, 4).

2.    The United States Trustee requests that any order granting any of the relief requested in the motion be granted on an interim basis only given the lack of adequate time for the United States Trustee and other parties to fully analyze the details contained in the motion or to attempt to resolve any questions or issues with the Debtor.

3.    The United States Trustee objects to the use of a non-approved depository for maintaining debtor-in-possession accounts contrary to 11 U.S.C. § 345. As noted by the Debtor in the motion, Berkshire Bank does not have a depository agreement with the United States Trustee and therefore is not on the list of approved depositories. As such, the FDIC protection

on funds in the Debtor's accounts at Berkshire Bank are limited to applicable FDIC limits. Among other things, approved depositories provide collateral to the Federal Reserve Bank to protect estate funds in excess of the FDIC limit of $250,000. Allowing the Debtor to maintain estate funds in non-collateralized accounts places those funds unnecessarily at risk in the event of a bank failure or other insurable loss.

4. The United States Trustee respectfully requests the right to raise further objections to the motion to the extent the Court sets this matter for final hearing at a future date.

**WHEREFORE**, the United States Trustee respectfully requests the Court limit any relief on the motion to be interim only, subject to parties having an opportunity to further analyze the motion, resolve objections, or file formal objections and be heard at a final hearing, and for such other and further relief as the Court deems just and proper.

Dated: Albany, New York
      June 27, 2019

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By: /s/ Lisa M. Penpraze
Lisa M. Penpraze
Assistant United States Trustee
Leo O'Brien Federal Building
11A Clinton Ave, Room 620
Albany, NY 12207
Bar Roll No.: 105165
lisa.penpraze@usdoj.gov
Voice: (518) 434-4553
Fax:    (518) 434-4459