**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

_____
                                                   )
In re:                                         )
                                                 )
SPRINGFIELD HOSPITAL, INC.[1]        )     Chapter 11
                                                 )     Case No. 19-10283
                  Debtor.                 )
_____)

**APPLICATION TO EMPLOY PRIMMER PIPER EGGLESTON & CRAMER, PC AS SPECIAL COUNSEL FOR SPRINGFIELD HOSPITAL, INC.**

Springfield Hospital, Inc. ("Springfield" or the "Debtor"), by and through undersigned proposed general bankruptcy counsel, hereby requests (the "Application") that the Court enter an order approving the employment of Primmer Piper Eggleston & Cramer, PC ("Primmer Piper") as special counsel for Springfield effective as of the Petition Date (as defined below) pursuant to 11 U.S.C. § 327(e).

**Jurisdiction, Venue, and Statutory Basis**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

2. The predicates for the relief sought in this Application are §§ 327(e) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Vermont (the "Local Rules").

---

[1] The last four digits of the taxpayer identification number of Springfield Hospital, Inc., are 9437. 11 U.S.C. § 342(c)(1).

*3898345.1*

**Background**

3.      Springfield filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on June 26, 2019 (the "Petition Date").  Springfield continues to operate its business and manage its properties as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made, and no committee has been appointed or designated.

4.      A description of Springfield, its business, the facts and circumstances supporting this Motion, and the reason for commencing this case are set forth in greater detail in the *Declaration Of Michael Halstead In Support Of Springfield Hospital's Chapter 11 Petition And Various First Day Motions* (the "Halstead Declaration").  The Halstead Declaration is incorporated by reference herein.  Capitalized terms not defined in this Motion shall have the meaning ascribed to them in the Halstead Declaration.

5.      Primmer Piper regularly provides legal advice to clients regarding a wide variety of issues, including: (i) health care law issues, including state and federal regulations, federal anti-kickback laws, review and negotiation of health care-related contracts with providers and management, federal and state payment program rules and regulations, physician recruitment, physician credentialing, federal and state privacy and confidentiality laws and regulations, rules under ERISA, and other state and federal rules related to operation of hospitals and medical practices; and (ii) certain general corporate matters as they relate to health care organizations. Primmer Piper's healthcare clients have included hospitals, home health agencies, nursing and residential care homes, community mental health agencies, pharmacies, Federally Qualified Health Centers, laboratories, physician practices, provider groups, employer health clinics, and medical software businesses.

2

6. Prior to the Petition Date, Springfield consulted with attorneys at Primmer Piper regarding certain health care-related legal questions. Through this Application, Springfield seeks to employ Primmer Piper as its special health care counsel in this chapter 11 case (the "Case"), as well as to employ Primmer Piper to serve as Springfield's local counsel, if needed, to assist Springfield's proposed general bankruptcy counsel, Murray Plumb & Murray ("MPM"), with a narrow and limited set of issues relating to local bankruptcy practices in Vermont and to reduce expenses and travel costs, when applicable.[2]

7. Springfield selected Primmer Piper for the experience its attorneys have with health care issues, specifically, as well as for its experience with local issues and bankruptcy practices in Vermont, generally. Further, as a result of having done work for Springfield prior to the Petition Date, the attorneys at Primmer Piper, and its attorney Anne E. Cramer in particular, are knowledgeable about the Springfield's affairs and legal issues.

8. Primmer Piper has agreed to represent Springfield in this Case on the matters set forth herein, subject to the approval of this Court.

**Professionals And Paraprofessionals Rendering Service**

9. As set forth in the Declaration Of Anne E. Cramer, Esq., In Support Of The Application To Employ Primmer Piper Eggleston & Cramer, PC As Attorneys For Springfield Hospital, Inc. (the "Cramer Declaration"), which is incorporated herein by reference, Primmer Piper anticipates that the following attorneys and paraprofessionals will render services to Springfield or for the benefit of the Springfield's estate in conjunction with this Case:

---

[2] Primmer Piper and MPM will not provide overlapping services in regard to bankruptcy matters. MPM and Springfield will use Primmer Piper only on specific bankruptcy issues relating to local customs and practices, and for appearances in which doing so is beneficial and cost-effective for Springfield and its estate. Further, to the extent any actual conflict of interest arises between Springfield and Springfield Medical Care Systems, Inc. ("SMCS"), in regard to a health care issue, SMCS will obtain legal advice, as needed, from attorneys their general purpose bankruptcy counsel, Bernstein Shur Sawyer & Nelson, P.A., with experience in health care law, and Primmer Piper will provide advice to Springfield.

3

| Professional | Position | Hourly Rate |
|---|---|---|
| Anne E. Cramer | Shareholder | $350 |
| Shireen T. Hart | Shareholder | $325 |
| Alexandra H. Clauss | Shareholder | $300 |
| Douglas J. Wolinsky | Shareholder | $395 |

10. From time to time, other attorneys at Primmer Piper may provide services to Springfield.

11. Primmer Piper's offices in Vermont are located at 30 Main Street, Suite 500, P.O. Box 1489, Burlington, VT  05402, with a phone number of (802) 864-0880, and at 100 East State Street, P.O. Box 1309, Montpelier, VT  05601, with a phone number of (802) 223-2102. The e-mail address of Anne E. Cramer is acramer@primmer.com.

12. A brief biography of each of the attorneys and paraprofessionals with Primmer Piper who are expected to work on the Case is attached as **Exhibit C** to the Cramer Declaration.

### Relief Requested

13. Subject to the approval of this Court, Springfield seeks to employ Primmer Piper as special counsel in regard to health care issues in the Case, as well as to serve as local counsel, as needed, on specific bankruptcy matters as set forth herein, with the retention being effective as of the Petition Date.  This relief is requested pursuant to §§ 327(e) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1.

### Basis for Relief

**A.    Legal Standard**

14. The Bankruptcy Code empowers a debtor-in-possession to employ counsel and other professionals to assist the debtor-in-possession in its duties.  In particular, § 327(e) of the Bankruptcy Code provides for the appointment of special purpose counsel and sets forth a more flexible criteria than § 327(a) for the appointment of such attorneys:

4

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

*See* 11 U.S.C. § 327(e). Thus, under § 327(e), there are four requirements for approval of employment of special counsel: (1) the attorney is for a specific purpose approved by the court, other than to represent the debtor in conducting the case; (2) the attorney represented the debtor in the past; (3) the representation is in the best interests of the estate; and (4) the attorney does not represent or hold an interest adverse to the debtor or the debtor's estate. *See id.*; *In re Woodworkers Warehouse, Inc.*, 323 B.R. 403, 406 (D. Del. 2005).

15. In addition, § 1107(b) of the Bankruptcy Code modifies § 327 by providing that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

16. Under Local Rule 2014-1(b)(3) "[u]nless otherwise ordered by the Court, no hearing is necessary" on an application to employ a professional. Pursuant to Local Rule 2014-1(b)(3), Springfield requests that the Court grant this Application without a hearing.

B. **Springfield Seeks To Employ Primmer Piper For A Special Purpose**

17. A threshold requirement under § 327(e) is that the appointment be for a "special purpose," and not to represent the debtor-in-possession in "conducting the case." 11 U.S.C. § 327(e); *In re Neuman*, 138 B.R. 683, 685-86 (S.D.N.Y. 1992). The reference to "conducting the case" in § 327(e) "includes those matters that form a part of the administration of the case under the Code[,]" and specifically in a chapter 11 "reorganization case, these matters include assisting in formulating a plan and assisting the trustee in carrying out required investigations[.]" 3

5

Collier on Bankruptcy (16th ed.) ¶ 327.04[9]; *see also In re Neuman*, 138 B.R. at 685-86 ("In this reorganization case, the question is thus whether, on the one hand, the appointment was for a special purpose, or, on the other hand, it was for assisting in the formulation of a plan and carrying out required investigations."); *In re Mortgages Ltd.*, No. 2:08BK07465RJH, 2008 WL 5024925, at *3 (Bankr. D. Ariz. Aug. 14, 2008) (approving retention under § 327(e) where "matters are sufficiently discrete and distinct from general representation in the bankruptcy case").

18. Subject to Court approval, the narrow set of professional services that Primmer Piper will provide to Springfield during the course of this Case will include the following:

(a) Reviewing, analyzing, and advising Springfield on specialized health care and related corporate issues in the Case on an as needed basis determined by Springfield and MPM, including, but not limited to, issues such as provider recruitment issues, provider contract issues, state and federal regulatory compliance, financing, issues relating to Springfield's status as critical access hospital, Medicare reimbursement, and HIPAA compliance.

(b) Advising Springfield with regard to the local bankruptcy practices and customs, as they pertain to Springfield, and representing Springfield in proceedings or hearings in the Bankruptcy Court when it is cost-effective to do so and when Springfield is not otherwise represented in such proceeding or hearing by MPM.

19. Springfield seeks to employ MPM as its general bankruptcy counsel, and if approved by the Court, MPM will be responsible for "conducting the case" as counsel to Springfield. Primmer Piper's retention, on the other hand, is limited to a narrow set of specialized areas divorced from the general mechanisms of the bankruptcy case at large. Moreover, the discrete services that Primmer Piper will provide do not duplicate or overlap with the services of MPM or any other professional to be retained by Springfield in the Case.

20. Courts in the Second Circuit and elsewhere have authorized the retention of special health care counsel under § 327(e) to provide services similar to those that Primmer Piper

6

will provide here. *See*, *e.g.*, *In re North General Hospital, et al.*, Chapter 11 Case No. 10-13553 (SCC), U.S. Bankruptcy Court for the Southern District of New York [Dkt. No. 109, dated Aug. 3, 2010] ("In accordance with Section 327(e) of the Bankruptcy Code, the Debtor be, and hereby is, authorized to employ and retain Garfunkel Wild as special healthcare and regulatory counsel. . . ."); *In re Interfaith Medical Center*, *Inc.*, Chapter 11 Case No. 12-48226 (CEC), U.S. Bankruptcy Court for the Eastern District of New York [Dkt. No. 144, dated January 18, 2013] (authorizing retention of law firm under § 327(e) as special health care counsel, including to provide services regarding "healthcare specific issues, including, regulatory compliance issues, issues relating to compliance with Debtor's healthcare related policies and procedures, healthcare corporate structure issues, federal, state and local healthcare licensing and certification issues, advising the Debtor in connection with any potential affiliation of the Debtor with one or more healthcare facilities, and reviewing, preparing and negotiating agreements relating to the provision of healthcare services and purchasing of healthcare related services and supplies"); *In re Penobscot Valley Hospital*, Chapter 11 Case No. 19-10034 (MAF), U.S. Bankruptcy Court for the District of Maine [Dkt. No. 146, dated March 28, 2019] (authorizing employment of "special counsel to provide health care-related legal services to the extent needed by [the debtor] during this Case").

21. The proposed retention, therefore, satisfies the special purpose requirement of § 327(e).

**C.     Primmer Piper Represented Springfield Before The Bankruptcy Case**

19. Primmer Piper represented Springfield prior to the Petition Date in health care and other corporate matters similar to the limited set of issues on which Springfield seeks to retain

7

Primmer Piper in this Case. [Cramer Declaration, ¶¶ 6-7]. Accordingly, this requirement of § 327(e) is met.

**D.     Retention of Primmer Piper Is In The Best Interests Of Springfield's Estate**

22.     Springfield desires to employ Primmer Piper as its special health care counsel in the Case, as well as to employ Primmer Piper to serve as the Springfield's local counsel to assist the Springfield's proposed general bankruptcy counsel, MPM, with a narrow and limited set of issues relating to local bankruptcy practices in Vermont and to reduce expenses and travel costs, when applicable. This employment is necessary and in the best interests of the estate because, to operate as a debtor-in-possession and to successfully reorganize its health care businesses, Springfield requires the specialized knowledge, experience, and expertise in health care matters that Primmer Piper is able to provide, coupled with the historic knowledge gained by Primmer Piper in its relationship with Springfield prior to the Petition Date. Further, Primmer Piper's presence in Vermont and familiarity with Vermont bankruptcy practices and customs will benefit Springfield and reduce costs. Thus, Primmer Piper has the necessary background to deal effectively with the potential health care issues and problems that may arise in the context of this Case, and attorneys at Primmer Piper, and attorney Anne E. Cramer in particular, are well-qualified to represent Springfield in an efficient and timely manner. The retention, therefore, is in the best interests of the estate.

**E.     Primmer Piper Does Not Represent Or Hold Any Interest Adverse To Springfield Or To The Estate With Respect To The Case**

23.     The conflict of interest standard under § 327(e) is more relaxed than is found in § 327(a) because § 327(e) does not contain two requirements found in § 327(a). First, § 327(e) does not require that counsel be a "disinterested person," as § 327(a) does, permitting, for example, counsel to have claims against the estate for prior fees. *See* 11 U.S.C. §§ 327(a) & (e);

*In re EBW Laser*, *Inc.*, 333 B.R. 351, 359 (Bankr. M.D.N.C. 2005); *In re DeVlieg*, *Inc.*, 174 B.R. 497, 503 (N.D. Ill. 1994). Second, § 327(e) requires only that counsel not have an interest adverse "with respect to the matter on which such attorney is to be employed," as opposed to § 327(a)'s broader requirement that counsel not have an interest adverse "to the estate." *See* 11 U.S.C. §§ 327(a) & (e).

24. Here, as set forth in the Cramer Declaration, to the best of Springfield's knowledge, none of the attorneys or employees of Primmer Piper hold any interest adverse to the Springfield or to Springfiel's estate with respect to the limited matters for which Primmer Piper is to be employed in this Case. [Cramer Declaration, ¶¶ 5, 8-11]. Accordingly, Primmer Piper is eligible for employment pursuant to § 327(e).

25. The additional representations and disclosures required under Rule 2014 and Local Rule 2014-1 are contained in the Cramer Declaration.

F. **Compensation And Expense Reimbursement Of Primmer Piper**

26. Primmer Piper has represented Springfield prior to the Petition Date and has been paid for pre-petition legal services, as disclosed in the Cramer Declaration. Primmer Piper currently holds a general security retainer in the amount of **$10,500.00** for application to any final invoice in this Case, except as may otherwise be ordered by the Court.

27. Primmer Piper recognizes that the payment of fees and expenses is subject to approval of the Court. Springfield has agreed, subject to this Court's approval, to pay Primmer Piper at its customary hourly rates, as set forth in the Cramer Declaration. These hourly rates are subject to change from time to time in accordance with Primmer Piper's established billing practices and procedures. Springfield submits that such rates are reasonable and should be approved by the Court, subject to a determination of any amounts actually to be paid to Primmer

Piper upon the filing of any application for compensation. Primmer Piper has and will utilize detailed time-keeping and billing software to generate detailed records of time spent and any actual and necessary expenses incurred with the rendition of legal services.

28.  If Springfield files a motion to establish interim fee application and expense reimbursement procedures, then Primmer Piper will utilize those procedures to be paid on an interim basis, subject to Court approval. If Springfield does not file a motion to establish interim fee application and expense reimbursement procedures, or if the Court does not approve such procedures as to Primmer Piper, then Primmer Piper will file, at such times as are designated by the Court or permitted under applicable law, applications for fees and reimbursement of expenses. Primmer Piper shall schedule hearings on approval and payment of fees and expenses at times convenient to the Court's calendar.

29.  Subject to approval by this Court, Springfield proposes to reimburse Primmer Piper for its actual and necessary expenses incurred in representing Springfield. It is the policy of Primmer Piper to be reimbursed by clients for all out-of-pocket expenses incurred in connection with the representation of clients. All such expenses shall be billed in accordance with the normal billing practices of Primmer Piper and subject to any limitations under the Bankruptcy Code and Rule 2016-1(a) of the Local Rules.

30.  It is the policy of Primmer Piper to bill travel time at the normal billing rate for the individual involved and, to the extent practicable, its attorneys spend their travel time actively working on the client's matters. It is also the policy of Primmer Piper not to bill for travel time when Primmer Piper attorneys are working on matters for other clients during time actually spent traveling.

31. Primmer Piper will provide monthly billing statements to Springfield that will set forth the amount of fees incurred and expenses advanced by Primmer Piper during the prior month.

32. Primmer Piper understands the provisions of §§ 327, 330, and 331 of the Bankruptcy Code and that these provisions require, among other things, approval by the Court of Primmer Piper's employment as bankruptcy counsel and of all legal fees and reimbursement of expenses that Primmer Piper will receive from Springfield.

33. Because of the variety and complexity of the services that will be required, Primmer Piper is unable to precisely estimate the total cost of services to be rendered in this Case. Primmer Piper anticipates that fees will be consistent with cases of similar size and complexity in the District of Vermont and other districts in northern New England.

## Notice

34. Notice of this Application and all related papers were served on the following parties on the date and manner set forth in the certificate of service related to this Application: (a) the United States Trustee; (b) Springfield's secured creditors or, if applicable, to counsel representing them; (c) the non-insider holders of the 20 largest unsecured claims against Springfield or, if applicable, to counsel representing such holders; (d) applicable federal and state taxing authorities; (e) Springfield Medical Care Systems, Inc.; and (f) to the extent not included in the foregoing, applicable state and federal regulatory agencies.

## Conclusion

Based on the foregoing, Springfield requests that the Court enter an order authorizing the employment of Primmer Piper as special counsel on the terms set forth in this Application and consistent with representations and disclosures in the Cramer Declaration, and that any and all

11

fees to be paid in this proceeding shall be approved by this Court in accordance with the Bankruptcy Code.

Date: July 2, 2019                                  /s/  Andrew Helman
                                                    Andrew C. Helman, Esq.
                                                    Kelly W. McDonald (admitted *pro hac vice*)
                                                    Sage Friedman (admitted *pro hac vice*)
                                                    Murray Plumb & Murray
                                                    75 Pearl Street
                                                    P.O. Box 9785
                                                    Portland, ME  04104-5085
                                                    www.mpmlaw.com
                                                    (207) 773-5651

                                                    Proposed Attorneys for the Debtor