**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

Filed & Entered
On Docket
July 12, 2019

_____

**In re:**
   **Springfield Hospital, Inc.**                                Case # 19-10283
                  **Debtor,**                                            Chapter 11

_____

**ORDER**
**SETTING STATUS HEARING ON THE APPOINTMENT OF PATIENT CARE OMBUDSMAN AND SETTING DEADLINE FOR THE FILING OF RESPONSES UNDER RULE 2007.2**

Springfield Hospital, Inc. (the "Debtor"), filed this chapter 11 bankruptcy case on June 26, 2019, in conjunction with a chapter 11 case filed by a related entity, Springfield Medical Care Systems, Inc. (case # 19-10285). The Debtor is a non-profit business corporation that delivers health care services to communities in southeastern Vermont and southwestern New Hampshire (doc. # 5). As such, THE COURT FINDS that the Debtor is a health care business as defined by 11 U.S.C. § 101(27)(A).

Because the Debtor is a health care business, the Debtor's case is subject to the provisions of 11 U.S.C. § 333, which provides

> (a)(1)  If the debtor in a case under chapter 7, 9, or 11 is a health care business, the court shall order, not later than 30 days after the commencement of the case, the appointment of an ombudsman to monitor the quality of patient care and to represent the interests of the patients of the health care business unless the court finds that the appointment of such ombudsman is not necessary for the protection of patients under the specific facts of the case.

11 U.S.C. § 333(a)(1).

To date, neither the United States trustee nor any party in interest has filed a motion, pursuant to Bankruptcy Rule 2007.2(a),[1] contending the appointment of a patient care ombudsman ("PCO") is not necessary in this case.

---

[1] That rule reads as follows:
RULE 2007.2 APPOINTMENT OF PATIENT CARE OMBUDSMAN IN A HEALTH CARE BUSINESS CASE
   (a)  ORDER TO APPOINT PATIENT CARE OMBUDSMAN. In a chapter 7, chapter 9, or chapter 11 case in which the debtor is a health care business, the court shall order the appointment of a patient care ombudsman under § 333 of the Code, unless the court, on motion of the United States trustee or a party in interest filed no later than 21 days after the commencement of the case or within another time fixed by the court, finds that the appointment of a patient care ombudsman is not necessary under the specific circumstances of the case for the protection of the patients.
        …

In accordance with its responsibilities under the Bankruptcy Code and Rules, THE COURT FINDS a hearing must be held to determine whether to appoint a PCO before July 26 and it is in the best interest of all parties to hold that hearing on July 19, to give the U.S. trustee, the Debtor, and other parties in interest an opportunity to present their views on this issue prior to the July 26th deadline.

Therefore, IT IS HEREBY ORDERED that if the United States trustee or any party in interest takes the position a PCO is not necessary under the circumstances of this Debtor's bankruptcy case, they shall file a response to this Order setting forth the basis for that position **by 10 a.m. on July 17, 2019**.

IT IS FURTHER ORDERED that, unless the Court has entered an Order directing the United States trustee to appoint a PCO before that date, the parties shall appear for a status hearing to address the question of whether to appoint a PCO, and any filings addressing that question, at **12:30 p.m. on July 19, 2019** at the U.S. Bankruptcy Court in Rutland, Vermont.

SO ORDERED.

July 12, 2019                                                        Colleen A. Brown
Burlington, Vermont                                          United States Bankruptcy Judge