**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF VERMONT**

**Bankruptcy Petition No.: 19-10283**

**In Re SPRINGFIELD HOSPITAL, INC.**

**PATTY TANGUAY-SAIN'S MOTION TO LIFT AUTOMATIC STAY**

NOW COMES Patty Tanguay-Sain (hereinafter "Tanguay"), by her attorneys, Brady/Donahue, and moves this court to lift the automatic stay to allow Tanguay's negligence action filed against Springfield Hospital, Inc. in the Superior Court, Civil Division, Windsor County, Docket No. 105-3-19 Wrcv (hereinafter "malpractice action"), to proceed to the extent of the debtor's insurance.

### I.    LEGAL STANDARD

An automatic stay resulting from a bankruptcy filing may be lifted upon a showing by the creditor of "cause". 11 U.S.C. § 362(d)(1). What constitutes "cause" is based upon a totality of the circumstances in the particular case. Baldino v. Wilson (In Re Wilson), 116 F.3d 87,90(3rd Cir. 1997). For litigation already pending when the bankruptcy filing is made, courts follow a three-prong test to determine whether there is "cause" such that the stay should be lifted:

1. whether any great prejudice to either the bankruptcy estate or the debtor will result from prosecution of the lawsuit.
2. Whether the hardship to the non-debtor party by continuation of the automatic stay considerably outweighs the hardship to the debtor.
3. Whether the creditor has a probability of success on the merits of his case.

Int'l Bus. Mach. V. Fernstrom Storage and Van Co.(Matter of Fernstrom Storage and Van Co.), 938 f.2d 731,735(7th Cir. 1991). Where the creditor's claim seeks only insurance proceeds such

that the claim would not adversely impact the debtor's bankruptcy reorganization, it is reversible error for a bankruptcy court to deny a motion to lift a stay. <u>Foust v. Munson S.S. Lines</u>, 299 U.S. 77, 87-88, 57 S. Ct. 90, 81 L. Ed. 49 (1936).

## II.      BACKGROUND

Tanguay's Amended Complaint in the malpractice action seeks compensatory damages for negligently-caused injury sustained in the course of an April 30, 2018 hip replacement surgery at Springfield Hospital. A copy of Tanguay's Amended Complaint in the malpractice action is filed herewith as Exhibit "A". The malpractice action is being defended by Springfield Hospital, Inc.'s insurer, Coverys, through Craig Nolan, Esq. of Sheehy Furlong & Behm, PC. A copy of the Coverys renewal declarations said to be applicable to Tanguay's claim are filed herewith as Exhibit "B". The declarations indicate "not applicable" regarding any deductible.

Tanguay hereby agrees to limit her recovery under this claim and the malpractice action to the limits of the insurance available under Exhibit "B".

## III.     ARGUMENT

Each of the three factors favor lifting of the stay as follows.

### 1.   Hardship to the debtor or bankrupt estate

Lifting the stay to allow the malpractice action to proceed in state court would not adversely affect the interests of the debtor or bankrupt estate because the defense costs for the malpractice action are being paid by Coverys and any settlement or judgment will be paid by Coverys.

**2.   Hardship to the non-debtor**

Tanguay is presently 74 years of age. She has suffered very significant damages as a result of the debtor's negligence. Tanguay wishes to proceed as expeditiously as reasonably possible in the malpractice action. Tanguay would suffer significant delay and hardship if the stay is not lifted.

**3.   Probability of success on the merits**

Springfield Hospital, Inc. has admitted that its employee, anesthesiologist Carl Guttierez, MD, gave Tanguay the wrong agent, tranexamic acid, in Tanguay's spinal when he believed he was giving her bupivacaine. Exhibit "C", Defendant's Responses to Requests to Admit, response no. 7. Further, Springfield Hospital, Inc., has admitted that after Dr. Guttierez gave Tanguay tranexamic acid in her spinal that Tanguay suffered seizures. Exhibit "C", no. 16,18-24,27. Springfield Hospital, Inc.'s employee, Dr. Marvin Malek, who was brought in to assist after Tanguay developed seizures, concluded that based on his review of medical literature regarding inadvertent intrathecal (spinal) tranexamic acid, that Tanguay had the same type of seizures described in the medical literature. Id., no. 27. Further, Tanguay post-operatively was transferred by ambulance to DHMC in a comatose state. Id. no. 17, 26.

Tanguay's expert, Lee Ensalada, MD, has issued a report indicating that Dr. Guttierez violated the standard of care. Exhibit "D". Tanguay's expert, neurologist Richard Levy, MD, has issued a report indicating, essentially, that Tanguay's seizure disorder, hospitalizations at DHMC and Mt. Ascutney and other treatment were the result of Dr. Guttierez giving tranexamic acid in Tanguay's spinal. Exhibit "E". Tanguay has compelling evidence, including key admissions by Springfield Hospital, Inc., as well as opinion testimony of well-qualified experts to support all of

the necessary elements of a negligence claim (duty, breach, causation, and damages) against Springfield Hospital, Inc.

## IV.   CONCLUSION

The stay should be lifted because the debtor is being defended by an insurer and the insurer will pay any settlement or judgment. Further, the elderly claimant would suffer significant hardship if the stay is not lifted. Finally, the creditor has compelling evidence in support of her claim such that the probability of success on the merits is quite high.

WHEREFORE, Tanguay prays this court to grant her motion and for such other and further relief as the court deems just.

Dated at Springfield, Vermont this 12th day of July, 2019.

PATTY E. TANGUAY-SAIN
BRADY / DONAHUE

By:      /s/ John E. Brady
         John E. Brady
         56 Main Street, Suite 303
         P.O. Box 39
         Springfield, VT 05156
         (802) 885-2001
         jbrady@bradydonahue.com