UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

In re:                              )
                                    )
**Springfield Hospital, Inc.**      )     Chapter 11
                                    )     Case number 19-10283
                Debtor.             )

## CAMMIE DALKE AND DAVID DALKE'S MEMORANDUM OF LAW IN SUPPORT OF THE APPOINTMENT OF QUALITY OF CARE OMBUDSMAN PURSUANT TO 11 U.S.C. §333(A)(1)

Cammie Dalke and David Dalke, plaintiffs in a medical malpractice action against the Debtor hospital in the U. S. District Court for the District of Vermont, support the appointment of a Patient Care Ombudsman.

In October 2018, Mrs. Dalke, a long-term diabetic, went to Springfield Hospital and was sent home. Later the same day, she returned to the hospital's emergency department and was admitted.

On October 18, 2018, Dr. Xiangtian Hu, a hospital employee, inserted a triple lumen central line in Mrs. Dalke. Dr. Hu intended to place the line in Mrs. Dalke's right internal jugular vein. Shortly after the insertion of the central line, Mrs. Dalke developed a severe headache, became quite confused and agitated and could not follow commands. Not long thereafter, she became gravely ill.

On October 20, 2018, doctors at the hospital transferred Mrs. Dalke to Dartmouth-Hitchcock Medical Center (DHMC) in Lebanon, New Hampshire. Shortly after Mrs. Dalke's arrival at DHMC, diagnostic images showed that the central venous line, which should have been in the right internal jugular vein, had been inserted into the right carotid artery and then

Plante &
Hanley, P.C.

P0157724.3                          Page 1 of 7

P0157775

pushed into the aorta. The misplacement of the central line caused Mrs. Dalke to have multiple embolic cerebrovascular accidents, commonly known as strokes. DHMC physicians concluded that Mrs. Dalke's injuries were "iatrogenic," in other words, caused by medical treatment.

On June 26, 2019, Springfield Hospital filed for protection under Chapter 11 of the Bankruptcy Code. In the two years preceding the filing, the Debtor lost $14 million. This was followed by the abrupt resignation of two of its top executives. In the aftermath of these significant losses and resignations, the Debtor closed its childbirth center, laid off almost 30 staff members, made significant changes to its emergency department and received an $800,000 emergency loan from the State of Vermont. In recent media reports, the Debtor's interim CEO, Michael Halstead, predicted losses this year of up to $3 million.

On July 12, 2019, the Court found that the Debtor is a health care business as defined by 11 U.S.C. §101(27A). As a result, this case is subject to 11 U.S.C. §333(a)(1), which provides:

> If the debtor in a case under chapter 7, 9, or 11 is a health care business, the court shall order, not later than 30 days after the commencement of the case, the appointment of an ombudsman to monitor the quality of patient care and to represent the interests of the patients of the health care business unless the court finds that the appointment of such ombudsman is not necessary for the protection of patients under the specific facts of the case.

If, following the presentation of evidence, the Court finds that the appointment of an ombudsman is necessary, then the U.S. Trustee must select and appoint a disinterested person to serve as a Patient Care Ombudsman. 11 U.S.C. §333(a)(2)(B).

An ombudsman must monitor the quality of patient care and represent the interest of

Plante & Hanley, P.C.

the Debtor's patients by:

    (1)    monitoring the quality of patient care (which, if necessary, includes interviewing patients);

    (2)    reporting to the Court, at least every 60 days regarding the quality of patient care provided by the Debtor; and

    (3)    filing a motion or report with the Court immediately upon determining that the quality of patient care is "declining significantly" or is being "materially compromised."

11 U.S.C. §333(b)(1)-(3).

The Bankruptcy Code imposes strict confidentiality requirements on a patient care ombudsman. An ombudsman may not disclose any information gathered during the course of his/her duties and may not review confidential patient information without a court order both approving the review and imposing restrictions to protect the confidentiality of patient records. 11 U.S.C. §333(c)(1).

The Court may award an ombudsman reasonable compensation for actual, necessary services and reimburse the ombudsman for actual, necessary expenses. 11 U.S.C. § 330(a)(1)(A)-(B).

At least one bankruptcy court, relying on the language of 11 U.S.C. § 105(a), has appointed counsel to represent an ombudsman. In re Synergy Hematology-Oncology Medical Associates, 433 B.R. 316 (Bankr. C.D. Cal. 2010).

The decision to appoint an ombudsman should be based upon the non-exclusive list set forth in In re Alternate Family Care, 377 B.R. 754, 758 (Bankr. S.D. Florida, 2007), using a

Plante &
Hanley, P.C.

totality of the circumstances approach. The factors the Court should consider include:

    (1)    the cause of the bankruptcy;

    (2)    the presence and role of a licensing or supervising entity;

    (3)    the debtor's past history of patient care;

    (4)    the ability of the patients to protect their rights;

    (5)    the level of dependency of the patients on the facility;

    (6)    the likelihood of tension between the interest of the patients and the debtor;

    (7)    the potential injury to the patients if the debtor drastically reduced its level of patient care;

    (8)    the presence and sufficiency of internal safeguards to ensure appropriate level of care; and

    (9)    the impact of the cost of an ombudsman on the likelihood of a successful reorganization.

Because 11 U.S.C. § 333 states that "the court shall order ... the appointment of an ombudsman to monitor the quality of patient care and to represent the interest of the patients of the health-care business unless the court finds that the appointment of such ombudsman is not necessary," the burden is upon the U.S. Trustee and the Debtor to show why this case is not subject to the mandate of the statute. The U. S. Trustee supports the appointment of a patient care ombudsman (Document 62).

This unusual bankruptcy arises from a multitude of factors, which include significant management problems at the Debtor hospital, problems which have been ongoing for many years and which were not reported either to the Debtor's Board of Directors or to licensing

authorities in Vermont until the Debtor was unable to pay vendors and service providers in the ordinary course of business.

The Debtor hospital exists for a medically under-served population, a rural community with many people with limited incomes who are insured by Medicaid. Patients in the community are dependent upon the Debtor for a wide variety of care they cannot receive elsewhere. The Debtor has been unable to pay its bills as they have come due, including, according to some media reports, even bills for heating the hospital. The Court has received no evidence of any internal safeguards to ensure that patients in this insolvent health care facility are receiving an appropriate level of care.

Under these circumstances, the Court cannot simply assume that Springfield Hospital does not present an unreasonable risk of injury or death to an individual who, lacking any realistic alternative, seeks medical care services from the Debtor.

Given the mandate in 11 U.S.C. §333(a)(1), the reasons set forth in this memorandum and the U. S. Trustee's statement supporting the appointment of an ombudsman (Document 62), together with evidence of medical malpractice by the Debtor in the period that arose shortly before the Debtor sought bankruptcy relief (<u>Dalke v. Springfield Hospital</u>, described in Document 50 and <u>Tanguay-Sain v. Springfield Hospital</u>, described in Document 56), the Court should appoint an ombudsman.

Dated: July 16, 2019

                      CAMMIE DALKE
                      DAVID DALKE

By: /s/ Michael F. Hanley
     Michael F. Hanley
     Plante & Hanley, P.C.
     Post Office Box 708
     White River Junction, VT 05001-0708
     (802) 295 - 3151 Ext. 102 (Telephone)
     (802) 295 - 5281 (Facsimile)
     MFHanley@PlanteHanley.Com

## CERTIFICATE OF SERVICE

I certify that on July 16, 2019, I electronically filed *Cammie Dalke and David Dalke's Memorandum of Law in Support of the Appointment of Quality of Care Ombudsman Pursuant to 11 U.S.C. §333(A)(1)* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

D. Sam Anderson on behalf of Interested Party Springfield Medical Care Systems, Inc.
sanderson@bernsteinshur.com; astewart@bernsteinshur.com;
sbaker@bernsteinshur.com; kquirk@bernsteinshur.com

James B. Anderson on behalf of Creditor Berkshire Bank
jba@rsclaw.com; ljm@rsclaw.com

John E. Brady on behalf of Creditor Patty Tanguay-Sain
JBrady@BradyDonahue.com

Jeremy R. Fischer on behalf of Creditor Delta Dental Plan of Vermont, Inc.
jfischer@dwmlaw.com; sswander@dwmlaw.com

Sage M. Friedman on behalf of Debtor Springfield Hospital, Inc.
sfriedman@mpmlaw.com

Amy Judith Ginsberg on behalf of U.S. Trustee
amy.j.ginsberg@usdoj.gov

Elizabeth A. Glynn on behalf of Creditor Berkshire Bank
eag@rsclaw.com; ccs@rsclaw.com

Andrew Helman on behalf of Debtor Springfield Hospital, Inc.
ahelman@mpmlaw.com; kmassey@mpmlaw.com; bpage@mpmlaw.com

Kelly William McDonald on behalf of Debtor Springfield Hospital, Inc.
kmcdonald@mpmlaw.com

Lisa M. Penpraze on behalf of U.S. Trustee
lisa.penpraze@usdoj.gov

Adam Robert Prescott on behalf of Interested Party Springfield Medical Care Systems, Inc.
aprescott@bernsteinshur.com; astewart@bernsteinshur.com; sbaker@bernsteinshur.com; kquirk@bernsteinshur.com

Melissa A. D. Ranaldo on behalf of Creditor U.S. Department of Health and Human Services - Centers for Medicare & Medicaid Services (CMS)
melissa.ranaldo@usdoj.gov; usavt.ecfmail@usdoj.gov; Robert.LaMoy@usdoj.gov; Caseview.ECF@usdoj.gov

U. S. Trustee
ustpregion02.vt.ecf@usdoj.gov

Douglas J. Wolinsky on behalf of Interested Party Springfield Medical Care Systems, Inc.
dwolinsky@primmer.com; acasey@primmer.com

Dated: July 16, 2019

                    CAMMIE DALKE
                    DAVID DALKE

By: /s/ Michael F. Hanley
     Michael F. Hanley
     Plante & Hanley, P.C.
     Post Office Box 708
     White River Junction, VT 05001-0708
     (802) 295 - 3151 Ext. 102 (Telephone)
     (802) 295 - 5281 (Facsimile)
     MFHanley@PlanteHanley.Com

Plante & Hanley, P.C.