UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| SPRINGFIELD HOSPITAL, INC. | ) ) | Case No. 19-10283 |
| Debtor. | ) ) |  |

# TIMOTHY R. FORD'S
# MOTION FOR RELIEF FROM AUTOMATIC STAY

In accordance with 11 U.S.C. § 362 and Vt. LBR 4001, Timothy R. Ford seeks relief from the automatic stay so he may join debtors Springfield Hospital, Inc. ("Springfield Hospital") and Springfield Medical Care Systems, Inc. ("SMCS") to his current suit pending in the United States District Court for the District of Vermont, filed August 14, 2019.

## I.   FACTS

As is outlined in greater detail in the Proposed Amended Complaint, attached to this motion as *Exhibit 1*, Mr. Ford is the former Chief Executive Officer ("CEO") of SMCS and President of Springfield Hospital. Mr. Ford served in those positions from November of 2013 through December of 2018. Mr. Ford was specifically recruited for these positions while serving as CEO of a stable hospital in North Carolina.

In late 2018, after Mr. Ford discovered financial maleficence by SMCS's Chief Financial Officer and intended to report this information to the Green Mountain Care Board, SMCS, Springfield Hospital, Quorum, and their agents conspired to remove Mr. Ford from his position as CEO of SMCS and President of Springfield Hospital. On December 12, 2018, at 8:30am, two members of SMCS Board of Directors, George Lamb and Richard Dexter, III, arrived at Mr. Ford's office and demanded that if he did not resign within fifteen minutes he would be terminated. Mr.

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

Ford and his wife were unable to reach an attorney within the fifteen minute deadline, they were unsuccessful. Socked, confused, and distraught, Mr. Ford felt compelled to resign in order to avoid being publicly disparaged and humiliated.

After engaging counsel, Mr. Ford eventually sent a demand for his severance payment and damages to SMCS. Defense Counsel from Jackson Lewis, P.C. was assigned by SMCS's insurance carrier to respond to Mr. Ford's claims.[1] The parties attempted to resolve their differences at mediation, but a settlement was not reached. SMCS and Springfield Hospital then filed for bankruptcy.

On August 14, 2019, Mr. Ford filed a complaint in the United States District Court for the District of Vermont against non-bankrupt parties responsible for his improper and illegal forced resignation from SMCS and Springfield Hospital, including Quorum Health Resources, LLC, and its employees Scott Towle, William (Chip) Holmes, Wayne Scholz, and Michael Halstead; Members of the SMCS Board, George Lamb, Richard Dexter, III, Robert Flint, John Bond, Eric Bibens and Stephen Lyon; and finally SMCS employee Joshua Dufresne. A copy of the Complaint is included as *Exhibit 2*. Mr. Ford now seeks relief from the automatic stay from this Court so that he may join Springfield Hospital and SMCS to his complaint and litigate his claims in one forum.

## II.    ANALYSIS

When a debtor files for bankruptcy, all pending litigation is stayed and no new litigation may be filed against the debtor. 11 U.S.C. § 362. However, the Bankruptcy Code provides that, "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . for cause." 11 U.S.C. § 362(d)(1). In the Second Circuit, "[t]he burden of proof on a motion to lift or modify the automatic stay is a shifting one." *In re Sonnax Indus.*, 907 F.2d 1280,

---

[1] Mr. Ford does not yet know the name of the carrier defending the claim, or any details regarding the policy itself. However, Mr. Ford does know that a carrier has responded to his claim.

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

1285 (2d Cir.1990). "Section 362(d)(1) requires an initial showing of 'cause' by the movant. Once the movant establishes 'cause,' the burden of proof shifts to the debtor" to show it is entitled to protection by the Bankruptcy Court. *In re Burger Boys, Inc.*, 183 B.R. 682, 687 (S.D.N.Y.1994).

When determining if a movant has shown "cause," courts in the Second Circuit look to the 12 factor test outlined *Sonnax*.[2] *Sonnax*, 907 F.2d at 1287. Not all factors will be relevant to every case. *Id.* Additionally, the "Court need not assign equal weight to each factor." *In re Keene Corp.*, 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994). Instead, the Court must weigh the facts of each particular case when determining if it should lift the stay. *Id.* In Mr. Ford's case the vast majority of the *Sonnax* factors weigh in favor of lifting the stay, and allowing him to pursue his claims in District Court.

The first *Sonnax* factor looks to "whether relief would result in a partial or complete resolution of the issues." *Sonnax*, 907 F.2d at 1286. This factor supports lifting the stay because by allowing the Proposed Amended Complaint to be filed and litigated, both Springfield Hospital and SMCS's liability to Mr. Ford will be able to be completely resolved in District Court. Presently, SMCS has identified Mr. Ford's claims against it as unliquidated, contingent, and subject to a claimed right of set-off. *See* Case No. 19-10285, Doc. 113 at 470 of 545. Both Debtors have acknowledged a complex set of intra-company obligations. Resolution of his claims will assist the Debtors in preparing their Chapter 11 Plan, and will also assist this Court in determining issues of

---

[2] The twelve *Sonnax* Factors are: "1. whether relief would result in a partial or complete resolution of the issues; 2. lack of any connection with or interference with the bankruptcy case; 3. whether the other proceeding involves the debtor as a fiduciary; 4. whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; 5. whether the debtor's insurer has assumed full responsibility for defending it; 6. whether the action primarily involves third parties; 7. whether litigation in another forum would prejudice the interests of other creditors; 8. whether the judgment claim arising from the other action is subject to equitable subordination; 9. whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; 10. the interests of judicial economy and the expeditious and economical resolution of litigation; 11. whether the parties are ready for trial in the other proceeding; and 12. impact of the stay on the parties and the balance of harms." *In re Arnott*, 512 B.R. 744, 753 (Bankr. S.D.N.Y. 2014).

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

non-dischargeability. *See In re Arnott, at 755. See also In re Taub*, 413 B.R. 55, 62 (Bankr. E.D.N.Y. 2009) (finding first factor weighted in support of lifting the stay when would resolve open questions regarding ownership of marital property).

The second, fourth and seventh factors likewise support lifting the stay, as litigating Mr. Ford's employment-related personal injury tort claims, which must be adjudicated in the District Court, would not interfere with the bankruptcy cases or prejudice other creditors. *See In re Arnott*, at 753, 755).

The third factor, "whether the other proceeding involves the debtor as a fiduciary," is not relevant to this case. *Sonnax*, 907 F.2d at 1287.

The fifth factor, "whether the debtor's insurer has assumed full responsibility for defending it," also supports lifting the stay. *Sonnax*, 907 F.2d at 1286. As noted above, when Mr. Ford initially made a demand to SMCS and Springfield Hospital, SMCS's insurance carrier appointed counsel to respond to the claim. Appointed counsel communicated with Mr. Ford's counsel and participated in a mediation in an attempt to resolve Mr. Ford's claims. Thus, it is apparent that an insurance carrier has already assumed full responsibility for defending Mr. Ford's claims. *Sonnax*, 907 F.2d at 1287.

The sixth factor, "whether the action primarily involves third parties," also weighs in favor of lifting the stay. *Sonnax*, 907 F.2d at 1286. As outlined above, a complaint has already been filed in Vermont District Court, naming a number of non-debtor parties. Mr. Ford is now simply seeking relief from the automatic stay to join bankrupt parties Springfield Hospital and SMCS to the already pending case so that he may litigate all of his claims in one forum.

The eighth and ninth factors "whether the judgment claim arising from the other action is subject to equitable subordination" and "whether movant's success in the other proceeding would

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

result in a judicial lien avoidable by the debtor" are not relevant to this case. *Sonnax*, 907 F.2d at 1287.

The tenth factor, which analyzes "the interests of judicial economy and the expeditious and economical resolution of litigation" also weighs in favor of lifting the stay. *Sonnax*, 907 F.2d at 1286. Mr. Ford's claims all revolve around a common set of legal and factual issues regarding a group of defendants, most of whom are not protected by the automatic stay. By allowing Springfield Hospital and SMCS to be joined in the District Court action, judicial economy will be promoted as these issues will only have to be litigated once. *See In re Bushnell*, No. 94-10706, 2000 WL 35734372, at *4 (Bankr. D. Vt. Jan. 24, 2000) (finding tenth factor supported lifting the stay when a RICO action would proceed against the non-bankrupt defendants if automatic stay continued).

Finally, the twelfth factor, which looks to the "impact of the stay on the parties and the balance of harms," also supports lifting the stay. *Sonnax*, 907 F.2d at 1286. Debtors would not be harmed by litigating Mr. Ford's claims in District Court as their insurance carrier has already responded to its duty to defend. *In re Arnott*, 512 B.R. at 756. Moreover, the Debtor's officers and directors are already parties in the District Court case and they are not protected by the automatic stay. Conversely, it would be unduly burdensome on both Mr. Ford and judicial economy to force Mr. Ford to litigate the same core set of facts in multiple forums.

Given the applicable factors weighing heavily in favor of lifting the stay, this Court should lift the automatic stay and allow Mr. Ford to file his Proposed Amended Complaint and join bankrupt parties Springfield Hospital and SMSC to his currently pending case. A proposed order as required by Vt. LBR 9013-1(i) is attached as *Exhibit 3*.

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

### III. CONCLUSION

For the foregoing reasons, Mr. Ford respectfully request this Honorable Court grant his motion for relief from the automatic stay.

Dated: September 18, 2019      TIMOTHY R. FORD

BY: PAUL FRANK + COLLINS P.C.

By: */s/ Stephen D. Ellis*
Stephen D. Ellis, Esq.
Paul Frank + Collins P.C.
One Church Street / PO Box 1307
Burlington, VT 05402-1307
Telephone: (802) 658-2311
Facsimile: (802) 658-0042
Email: sellis@pfclaw.com

### CERTIFICATE OF SERVICE

I, Stephen D. Ellis, hereby certify that on this 18th day of September, 2019, I electronically filed *Timothy R. Ford's Motion for Relief From Automatic Stay* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Debtor's attorneys and the U.S. Trustee:

Andrew C. Helman, Esq.
Murray Plumb & Murray
75 Pearl Street
P. O. Box 9785
Portland, ME 04104-5085
ahelman@mpmlaw.com

Office of the United States Trustee
Leo O'Brien Federal Building
11A Clinton Avenue, Room 620
Albany, NY 12207-2190

*/s/ Stephen D. Ellis*
Stephen D. Ellis, Esq.
Paul Frank + Collins P.C.
One Church Street / PO Box 1307
Burlington, VT 05402-1307
Telephone: (802) 658-2311
Facsimile: (802) 658-0042
Email: sellis@pfclaw.com

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

7700349_1:13527-00001